UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

THOMAS CARVER,

                  Defendant.

Case No. CR23-5085-DGE-02

ORDER DENYING MOTION TO REOPEN DETENTION HEARING

THE COURT, having conducted a hearing on Defendant's Motion to Re-open Detention Hearing (Dkt. 491), on July 11, 2023, and having previously held a detention hearing on March 28, 2023, pursuant to 18 U.S.C. § 3142, has determined that the issue of detention should not be re-evaluated.

    The Court stands by the determination made on March 28, 2023, that no condition or combination of conditions which Defendant can meet will reasonably assure the safety of any other person and the community. The legal test for deciding whether a detention hearing should be re-opened is:

1. Does information exist that was not known to the moving party at the time of the detention hearing?
2. And, if the moving party has presented such information, does the new information have a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of the person as required, and the safety of any other person and the community? 18 U.S.C. § 3142(f).

    To be considered "material" for purposes of revisiting a detention order, any new information must be of a nature that would either show the defendant is less likely to flee or fail to appear for trial, or less likely to have the potential for dangerousness to

others and the community. *United States v. Watson*, 475 Fed. Appx. 598, 600 (6th Cir. 2012).

The defense asserts the following information was not known to the defense at the time of the detention hearing on March 28, 2023, and argues that it is material to the issue of release or detention:

- Defendant's sister is available to be third-party custodian;
- Defendant has a heart condition and a diagnosis of Hepatitis C; and
- Facts have come to light that contravene the government's earlier assertions.

While the Court finds that new information exists that was not known at the time of the previous detention hearing – this information does not have material bearing to suggest there is less risk of dangerousness to others or to the community, or that such risks could effectively be mitigated.

Defendant asserts firearms were not found at Defendant's residence in Puyallup (the proposed residence for release). While the defense did not present oral argument on this point, the government thoroughly addressed it. The Government has proffered information to show the defendant spent most of his time, in the weeks before his arrest, at the Auburn address where he was arrested and where methamphetamine, fentanyl pills, bulk cash, and firearms, were discovered. Dkt. 496 at 8-10. The Government has shown defendant spent substantial time at the Auburn property.

Defendant's extensive history of non-compliance and risk to the community are not offset by the emergence of Defendant's sister as proposed third-party custodian. This Court previously found that – given Defendant's history distributing illicit substances and the serious nature of the current alleged offense – release would pose a significant danger that could not be mitigated by a condition or set of conditions. Dkt. 187. Considering the Defendant's long criminal history and pattern of non-compliance,

his sister's ability to become a third-party custodian does not sufficiently address the issues the Court weighed in the previous detention hearing. Defendant's proposed third-party custodian is new information that had not been considered at the previous detention hearing, but it is not material because the Defendant has shown he is capable of surreptitious behavior and has failed to comply with conditions of supervision in King County Superior Court on drug and possession of stolen property convictions (Dkt. 504, Supplemental Pretrial Services Report, at 9); thus, a proposed third-party custodian does not change the Court's assessment concerning risk of dangerousness to others or to the community.

At the time of his arrest, Defendant was diagnosed with congenital heart failure. Dkt. 491 at 6. He has since been diagnosed with hepatitis C, while in custody at the Federal Detention Center (FDC). *Id.* Defendant further states the FDC has failed to provide any medical treatment for Hepatitis C because the recommended course involves a strict regimen that could pose significant risks to the Defendant if prematurely stopped. *Id.* Issues relating to medical diagnosis and treatment would more appropriately be brought in a motion for medical furlough/temporary release -- not through a motion to reopen the detention hearing.

For the foregoing reasons, Defendant's Motion to Re-open Detention Hearing is DENIED.

Dated this 28th day of July 2023.

Theresa L. Fricke
United States Magistrate Judge